

04 NOV 10 AM 9:43
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | CASE NO. CR 04-CO-0301-S |
| | ) | |
| **FLOYD SOMERVILLE** | ) | |

**GOVERNMENT'S TRIAL MEMORANDUM**

COMES NOW the United States of America, by and through its counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and William G. Simpson, Assistant United States Attorney for that district, and submits the following trial memorandum in the above-entitled and numbered matter. This memorandum is intended for the convenience of the Court, and in no way binds or limits the proof or arguments offered on behalf of the United States during the course of trial.

**a. Prior Proceedings**

On July 28, 2004, defendant Floyd Somerville was indicted by a grand jury in the Northern District of Alabama, charged in one count with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The defendant appeared at arraignment on August 12, 2004, with his appointed counsel, Byron Bart Slawson, Esq., and entered a plea of not guilty.

25

On/about August 20, 2004, defense counsel filed two motions, seeking to dismiss the indictment and to suppress all evidence obtained from the defendant. Following a hearing on October 13, 2004, United States Magistrate Judge John E. Ott filed a written report recommending the District Court deny defendant's motion to dismiss, but to grant, in part, defendant's motion to suppress.

At present, the trial of this case is scheduled to commence Monday, December 6, 2004, at 9:00 a.m., before the Honorable L. Scott Coogler, United States District Judge. It is anticipated that the trial will take approximately one and one-half days to complete.

**b. The Charge**

Somerville is accused of violating Title 18, United States Code, Section 922(g)(1), which provides in pertinent part

> (g) It shall be unlawful for any person - (1) who has been convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> * * * * *
>
> ..., to possess in or affecting commerce, any firearm...

To sustain its burden of proof, the United States must establish beyond a reasonable doubt:

1. That the defendant knowingly possessed a firearm;
2. That at the time of the possession, the defendant had been convicted of a felony offense (*i.e.*, a crime punishable by imprisonment for a term

exceeding one year); and

3. That the possession of the firearm somehow affected commerce.[1]

*See* Eleventh Circuit Pattern Jury Instruction No. 30.6; United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991).

**c. Summary of the Facts**

On July 8, 2004, Bessemer Police Officer Ernest Ryan conducted a traffic stop on Interstate 20/59, when he observed the driver of a 1996 white-colored Dodge Stratus following too closely behind a tractor trailer and veering off the roadway. The driver identified himself as Floyd Somerville from Saint Albans, New York. Also in the car was a female passenger named Niya S. Haynes, who also resides in New York.

Approaching the defendant's car from the passenger side, Officer Ryan asked Somerville for his driver's license. The defendant said that he thought his license was in the back seat. When Somerville exited his vehicle to look for the license Officer Ryan noticed a bulge in Somerville's back pocket. The officer consequently performed a pat-down search and discovered the object to be Somerville's wallet. The defendant removed the wallet from his pocket, reached inside, and produced a driver's license, which was suspended. The defendant explained that the suspension had resulted merely from his failure to pay child support in the State of New York. Officer Ryan returned the license to Somerville, gave him an oral warning, and advised him that he was free to go. Seconds later, Ryan asked for permission to search Somerville's car for guns and drugs. According to the officer, both Niya Haynes and Somerville gave verbal consent.

---

[1]Defense counsel has advised that Somerville will not stipulate to any element of the offense.

By this time, a second patrol officer, Christian Clemons, had arrived at the scene to "back-up" Officer Ryan and to assist in the search. As the search was about to get underway, the defendant informed the officers that the trunk could not be accessed from the outside; so, he lowered a portion of the back seat, reached through the opening, and "popped" the trunk lid. Inside the trunk was some luggage, which Somerville said belonged to him. Looking inside one of the bags, Officer Clemons found a loaded .25 caliber Titan semi-automatic pistol that had been stuffed inside a man's tennis shoe. Continuing his search, the officer then looked inside a hanging bag, where he found three more handguns: a .380 caliber Bryco semi-automatic pistol, a Hi-Point .380 caliber semi-automatic pistol that was wrapped up in a man's shirt, and a Hi-Point .40 caliber semi-automatic pistol that was inside a cardboard firearms box. Also discovered in the trunk were rounds of .25 and .380 caliber ammunition. When it was determined that Bryco firearm had been reported stolen in Tuscaloosa County, Alabama, Somerville was placed under arrest for Receiving Stolen Property. As he was being handcuffed, the defendant spontaneously remarked that he was taking the guns to Birmingham.

The defendant was escorted to Officer Clemons' police car and placed the back seat. Officer Clemons then sat down in the front seat and advised Somerville that because the officers did not know who the guns belonged to the female passenger (Nyia Haynes) would probably be arrested, too. Without further comment from the officer, Somerville spoke up, admitting ownership of all the firearms. At that point, Officer Clemons stopped the defendant from making any additional statements and immediately advised him of the *Miranda* rights. Officer Clemons then asked Somerville if he still wanted to make that statement. The defendant replied that he did

and, thereafter, reiterated his claim.[2] Somerville's admission was confirmed by Niya Haynes, who told police that the guns belonged to him and that she was not even aware the pistols were in the car.

Later that same day, ATF&E Agents Alicia Hanne and Ed Hull attempted to interview Somerville at the Bessemer City Jail. The defendant was advised of his rights and given a waiver of rights form to sign. After signing the upper portion of the form, Somerville stopped and said that he would talk to the agents, but that he would not sign the form. When Agent Hull asked him why, the defendant said that all he had to say was that he had purchased the guns, but did not know that one of them was stolen. Somerville then asked for counsel, at which time the interview was terminated.

A subsequent search of the defendant's criminal history revealed that at the time of his arrest in Birmingham, Somerville was a felon, having been convicted of nine (9) counts of Robbery, First Degree, in the State of New York.[3]

All four pistols have been test-fired and found to be operable. An interstate nexus examination by ATF&E reveals that none of guns were manufactured in the State of Alabama, and so have affected commerce.

---

[2]The magistrate judge has recommended that these two statements be suppressed as having been obtained in violation of Miranda.

[3]Should he be convicted of the instant offense, defendant will subject to enhanced punishment under 18 U.S.C. § 924(e), requiring a sentence of 15 years to Life imprisonment.

Respectfully submitted on this the 10th day of November, 2004.

ALICE H. MARTIN
United States Attorney

WILLIAM G. SIMPSON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served on the defendant by sending a copy of the same on this the 10th day of November, 2004, by First Class, United States mail, postage prepaid, to his attorney of record, Byron Bart Slawson, Esq., 1776 Independence Ct., Ste. 204, Birmingham, Alabama 35216.

WILLIAM G. SIMPSON
Assistant United States Attorney